178 P.3d 606

**SEINIGER LAW OFFICE, P.A. and WM. Breck Seiniger, Jr., Attorney at Law, and Vivian Jennings, Plaintiffs–Appellants–Cross–Respondents,**

v.

**NORTH PACIFIC INSURANCE COMPANY, a foreign corporation, Cambridge Integrated Services, a foreign corporation, Liberty Northwest, a foreign corporation, and One Beacon Insurance Company, a foreign corporation, Defendants–Respondents–Cross Appellants.**

No. 33192.

Supreme Court of Idaho.
Twin Falls, November 2007 Term

Jan. 25, 2008.

Rehearing Denied March 26, 2008.

Runft & Steele Law Offices, PLLC, Boise; Gordon Law Offices, Chtd., Boise; and Carty Law, P.A., Boise, for appellants-cross-respondents. John Runft argued.

Maguire & Kress, Pocatello, for respondents-cross appellants. David Maguire argued.

HORTON, Justice.

The district court granted summary judgment in favor of Appellants Breck Seiniger and Vivian Jennings (collectively "Appellants"), awarding damages and attorney fees and costs as to their claim against Respondent North Pacific Insurance Company (North Pacific) under the common fund doc-

trine. On appeal, Appellants assert the district court erred by failing to consider their claim based upon breach of contract and denying their motion to amend their complaint to assert a claim for punitive damages. North Pacific also cross-appeals the district court's grant of summary judgment and award of attorney fees and costs. We affirm in part, vacate the award of attorney fees and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jennings suffered bodily injuries as a result of an automobile accident. Jennings was insured by North Pacific. The driver of the other vehicle, Michael Wilhelm, was insured by Farm Bureau Insurance Company (Farm Bureau). Jennings's insurance policy provided medical pay coverage, obligating North Pacific to pay up to $5,000 for medical expenses she incurred as a result of her injuries. The policy provided North Pacific with a subrogation interest in any third-party claim which Jennings might bring. North Pacific paid the $5,000 policy limits for Jennings's medical expenses.

Jennings retained Seiniger to represent her in an action against Wilhelm. Seiniger sent a letter of representation to North Pacific, notifying it that Jennings was pursuing a third-party claim against Farm Bureau and Wilhelm and offering to pursue North Pacific's subrogation claim on a contingent fee basis and for a pro rata share of the costs. North Pacific declined the offer and advised Seiniger that it would pursue its subrogation claim directly against Farm Bureau. Seiniger replied by informing North Pacific of this Court's decision in *Wensman v. Farmers Ins. Co.*, 134 Idaho 148, 997 P.2d 609 (2000), and asserting his entitlement to fees and costs for any recovery made on behalf of North Pacific. North Pacific responded that Seiniger's services were not needed because it was bound by an intercompany arbitration agreement with Farm Bureau and that it was obligated to use its in-house counsel.

North Pacific initiated arbitration proceedings against Farm Bureau by filing with Arbitration Forums, Inc., an inter-insurance company arbitration service. North Pacific's arbitration demand was accompanied by a request for a one-year deferral of the arbitration proceedings while Jennings's injury claim was pending. The deferral was granted.

As a result of mediation involving Seiniger and Farm Bureau (acting on behalf of its insured), Jennings settled her claim against Wilhelm for $117,500. Although North Pacific was not a party to the mediation, Farm Bureau refused to settle unless the settlement also addressed North Pacific's $5,000 subrogated interest. As a result, Jennings entered into a Release and Indemnity Agreement. This agreement acknowledged Jennings's receipt of $117,500 and provided that Jennings would satisfy any subrogated interest of any party arising from the accident, specifically including subrogated claims "arising from payment for medical expenses."

Apparently based upon this language in the release, Seiniger requested that Farm Bureau issue a single check for $117,500. Despite the absence of any action in relation to North Pacific's arbitration demand, Farm Bureau issued separate checks, one for $5,000 payable to North Pacific, and the other for $112,500 payable to Jennings and Seiniger. After Farm Bureau issued the check to North Pacific, Seiniger again demanded payment from North Pacific for a pro rata share of the attorney fees and costs related to the $5,000. North Pacific refused the demand.

Appellants brought suit against North Pacific. The parties filed cross-motions for summary judgment. Appellants also moved to amend their complaint to assert a punitive damages claim. The district court granted summary judgment in favor of Appellants on their claim under the common fund doctrine, denied the motion to amend and awarded attorney fees and costs to Appellants. Appellants then moved for the district court to amend the judgment to address their claim based upon breach of contract. This motion was denied. Appellants and North Pacific have each filed timely appeals from these decisions.

## II. STANDARD OF REVIEW

 When reviewing a district court's grant of summary judgment, this Court applies the same standard a district court uses when it rules on a summary judgment motion. *Jordan v. Beeks,* 135 Idaho 586, 589, 21 P.3d 908, 911 (2001). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes the entire record in favor of the nonmoving party and draws all reasonable inferences and conclusions in that party's favor. *Steele v. Spokesman–Review,* 138 Idaho 249, 251, 61 P.3d 606, 608 (2002). If the evidence reveals no disputed issues of material fact, summary judgment is proper. *Id.*

## III. ANALYSIS

This opinion addresses the following issues, in turn: (1) whether the district court erred by failing to address Jennings's claim based on breach of contract; (2) whether the district court erred by granting summary judgment in favor of Appellants on their common fund doctrine claim; (3) whether the district court erred by denying Appellants' motion to amend their complaint to assert a claim for punitive damages; (4) whether the district court erred by awarding attorney fees and costs to Appellants; and (5) whether either party is entitled to attorney fees on appeal.

### A. The district court erred by failing to address Appellants' claim for bad faith breach of contract.

 The district court's judgment was based solely on Appellants' claim under the common fund doctrine. Appellants' first issue on appeal is their assertion that the district court erred by failing to address Jennings's claim for "bad faith breach of contract." We agree.

 Appellants' complaint asserted a claim for bad faith breach of contract.[1] In its motion for summary judgment, North Pacific asserted that Jennings did not have "a legitimate bad faith claim." At oral argument before the district court, counsel for Appellants attempted to address this claim. The district court declined to receive argument on the subject, stating "in reviewing the complaint, I see that the complaint is solely based on the common fund doctrine." After the district court entered judgment, Appellants moved to amend the judgment to reflect the Court's ruling that the complaint was not "adequate to state any claim arising from or related to a breach of contract." This motion was denied.

 Generally, a claim for relief need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." I.R.C.P. 8(a)(1). Under notice pleading, "a party is no longer slavishly bound to stating particular theories in its pleadings." *Cook v. Skyline Corp.,* 135 Idaho 26, 33, 13 P.3d 857, 864 (2000) (citation omitted). A complaint need only state claims upon which relief may be granted. *Id.* at 34, 13 P.3d at 865. A party's pleadings should be liberally construed to secure a just, speedy and inexpensive resolution of the case. *Vendelin v. Costco Wholesale Corp.,* 140 Idaho 416, 427, 95 P.3d 34, 45 (2004) (citations omitted). The emphasis is to insure that a just result is accomplished, rather than requiring strict adherence to rigid forms of pleading. *Id.* "The key issue in determining the validity of a complaint is whether the adverse party is put on notice of

---

1. Appellants' claim for "bad faith breach of contract" should not be confused with the tort of bad faith. As this Court stated in *White v. Unigard Mut. Ins. Co.,* " 'the tort of bad faith is not a tortious breach of contract. *It is a separate intentional wrong, which results from a breach of a duty imposed as a consequence of the relationship established by contract.*' " 112 Idaho 94, 97, 730 P.2d 1014, 1017 (1986) (quoting *Anderson v. Continental Ins. Co.,* 85 Wis.2d 675, 271 N.W.2d 368, 374 (1978)). To establish the tort of bad faith, the party asserting the tort must demonstrate the following elements: (1) the insurance company intentionally and unreasonably denied or delayed payment of a claim; (2) the claim was not fairly debatable; (3) the denial or delay was not the result of a good faith mistake; and (4) the resulting harm was not fully compensable by contract damages. *Lovey v. Regence BlueShield of Idaho,* 139 Idaho 37, 48, 72 P.3d 877, 888 (2003).

the claims brought against it." *Id.* Here, the question is whether North Pacific was put on notice of Appellant's claim for bad faith breach of contract.

The complaint is far from a model of draftsmanship and, standing alone, falls well short of the minimal standard imposed by I.R.C.P. 8(a)(1). In the body of the complaint, Appellants simply alleged that Jennings was insured under a policy issued by North Pacific and set forth facts relating to the common fund claim. The prayer for relief demanded "damages . . . for bad faith breach of contract." As an apparent substitute for well-pleaded causes of action, the complaint contained a catchall provision, which asserted that the complaint was intended to place North Pacific on notice of any claims that Appellants may have elected to pursue, even if those claims were based on facts not pleaded in the complaint. Despite these deficiencies, we conclude North Pacific was put on notice of Appellants' claim based on North Pacific's answer to the complaint.

In *Vendelin,* the defendant argued that an amended complaint was deficient as to a claim for punitive damages because it did not state the elements necessary to allege and prove a claim for punitive damages pursuant to I.C. 6–1604. *Vendelin,* 140 Idaho at 427, 95 P.3d at 45. This Court concluded that the language in the amended complaint did not mirror the elements necessary to support an award of punitive damages. Nonetheless, this Court upheld the award of punitive damages. The Court concluded that the punitive damages claim was sufficiently plead because the demand portion of the complaint contained a prayer for punitive damages and the allegations contained in the amended complaint suggested that the prayer was based on injuries the plaintiff sustained from falling merchandise while shopping at the defendants store. *Id.* at 428, 95 P.3d at 46. Additionally, the defendant raised three separate defenses to the claim for punitive damages in its amended answer. *Id.* This Court held the defendants answer was an acknowledgement of the claim for punitive damages. *Id.* (citing

*Zattiero v. Homedale Sch. Dist. Number 370,* 137 Idaho 568, 572, 51 P.3d 382, 386 (2002) (rejecting claim that complaint failed to properly allege breach of contract, finding that defendant acknowledged a breach of contract claim by filing answer which stated: "[t]o the extent that Plaintiff alleges a breach of Contract, Defendant did not breach such contract. . . .")).

Despite the glaring deficiencies in the complaint, North Pacific understood and responded to Jennings's contract claim. North Pacific's answer raised the affirmative defense that it had discharged its contractual obligations to Jennings and North Pacific moved for summary judgment as to the bad faith breach of contract claim. Like the defendant in *Vendelin,* North Pacifics response was sufficient to demonstrate that it had been put on notice of Appellants bad faith claim.

North Pacific argues "[t]he prayer for relief forms no part of the statement of the cause of action." *Dahlquist v. Mattson,* 40 Idaho 378, 386, 233 P. 883, 885 (1925). Even if we were to look past North Pacifics affirmative defense that acknowledged the breach of contract claim, we would not find this argument persuasive. First, the authority North Pacific provides in support of its argument predates the adoption of the Idaho Rules of Civil Procedure in 1958.[2] Under the statutory rules of civil procedure in effect prior to 1958, a pleader was required to allege in a complaint " 'a statement of the facts constituting the cause of action, in ordinary and concise language.' " *Archer v. Shields Lumber Co.,* 91 Idaho 861, 867, 434 P.2d 79, 85 (1967) (quoting I.C. 5–605 (1932)). This is a different standard than what is required today by I.R.C.P. 8(a)(1), requiring a short and plain statement of the claim showing that the pleader is entitled to relief. Second, consistent with the mandate of I.R.C.P. 1(a), this Court will construe the provisions of the Idaho Rules of Civil Procedure liberally in order to resolve cases on their merits instead of on technicalities. *Gerstner v. Washington Water Power Co.,*

---

**2.** The Idaho Rules of Civil Procedure were originally adopted by the Idaho Supreme Court, effective November 1, 1958. I.R.C.P. 1(a) n. 1.

122 Idaho 673, 676, 837 P.2d 799, 802 (1992). Therefore, in light of North Pacifics answer to Jenningss claim of bad faith breach of contract, we conclude that the district court erred by failing to address the claim.

 Normally this Court would vacate a grant of summary judgment when the trial court does not address a cause of action alleged in the complaint. However, in the instant case, the error does not require that this matter be remanded for consideration of Appellants' contract claim. The only contract damages Jennings seeks to recover flow from North Pacific's failure to reimburse her for its pro rata share of fees and costs. These damages are identical to those advanced under Appellants' common fund doctrine claim. We uphold Appellants' recovery of those damages in Part III. B. of this opinion. In Part III. C. of this opinion we uphold the district court's denial of Appellants' motion to amend their complaint to allege a claim for punitive damages. Thus, inasmuch as Jennings has been awarded all damages that she might recover for breach of contract, we decline to remand this claim to the district court.

**B. The district court properly granted summary judgment in favor of Appellants based on the common fund doctrine.**

 North Pacific challenges the district courts decision to grant summary judgment in favor of Appellants as to the claim based on the common fund doctrine. North Pacific asserts that the common fund doctrine does not apply to the instant action because it did not consent to have Seiniger recover its subrogation claim and it was actively pursuing its own subrogation claim through arbitration. North Pacific further argues that Seiniger did not provide an actual benefit to North Pacific, making the common fund doctrine inapplicable.

 Under the common fund doctrine, when an insured hires an attorney in order to pursue a claim against a tortfeasor "and the eventual settling of that claim results in the creation of a fund from which the insurer benefits, the insurer must pay a proportionate amount of the cost incurred in the creation of that fund." *Wensman,* 134 Idaho at 151, 997 P.2d at 612. The general rule behind the common fund doctrine is that "the insured may retain out of the fund recovered from the wrongdoer . . . the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself." *Id.* at 151–52, 997 P.2d at 612–13 (quoting *Cedarholm v. State Farm,* 81 Idaho 136, 142, 338 P.2d 93, 96 (1959)).

 Notice to the insurer is necessary before it is required to pay a proportionate share of the attorney fees in order to give the insurer the right to join the action and choose its own legal counsel, if it so elects. *Wensman,* at 152, 997 P.2d at 613. It is not necessary that the insurer consent to the representation by the insured because this "would essentially eliminate the [common] fund doctrine by allowing insurance companies to refuse the service of the attorney . . . knowing they would ultimately collect [their subrogation claim] from any settlement without having to pay a proportionate share of the costs of that settlement." *Id.*

In *Boll,* the insurer refused to have its interest represented by the insured's attorney. 140 Idaho at 337, 92 P.3d at 1084. This Court noted there had been some disagreement as to the holding in *Wensman* stemming from Justice Kidwells special concurrence, in which he stated " '[t]he notice requirement would be worthless if after having been notified, the subrogee could not refuse the services it is being notified of.' " *Id.* at 342, 92 P.3d 1081, 92 P.3d at 1089 (citing *Wensman* 134 Idaho at 153–54, 997 P.2d at 614–615 (Kidwell J. concurring)). However, in *Boll* the Court reaffirmed its earlier articulation of the common fund doctrine, concluding that application of the doctrine required notice and an actual benefit to the insurer, irrespective of the insurer's consent to the representation by the insured. *Id.*

We decline to revisit the issue of whether the consent of the insurer is required to apply the common fund doctrine. Our previ-

ous cases, including *Boll*, have settled this issue. Although the circumstances surrounding this case are unique, we affirm the district court's decision to grant summary judgment based on the common fund doctrine.

This case is unique because of the circumstances surrounding the settlement of North Pacific's subrogation claim. North Pacific placed Appellants on notice that it did not wish for Appellants to pursue its subrogation claim. However, Farm Bureau refused to settle Jennings's claim unless it also settled North Pacific's claim at the same time. Despite the fact that North Pacific did not participate in the mediation between Appellants and Farm Bureau and these parties manifestly lacked the authority to resolve North Pacific's claim, Farm Bureau issued a check to North Pacific in satisfaction of its subrogation claim. North Pacific accepted this benefit when it accepted the check from Farm Bureau without pursuing its claim by way of arbitration. Under the common fund doctrine, North Pacific must pay a proportionate share of Jennings's costs in obtaining the benefit.

For guidance purposes, we make it clear that neither the tortfeasor's insurance company nor the insured possess the authority to insist that the insurer subrogation claim be included in a settlement. It may be convenient for a tortfeasor or the tortfeasor's insurance company to insist upon settling the insured's claim and the insurer's subrogation claim at the same time. However, convenience does not justify exclusion of the injured party's insurer from participation in the resolution of its claim. In cases such as this, the insurer that wishes to avoid application of the common fund doctrine in cases may do so by the simple act of refusing to accept the benefits of a settlement in which it did not participate.

In this case, Farm Bureau should have brought North Pacific into the negotiations in order to settle Appellant's claim and North Pacific's subrogation claim at the same time. Failing that, North Pacific could have refused to accept the $5,000 check, and thus avoided application of the common fund doctrine. However, once North Pacific accepted the benefits of Appellants' efforts, it obligated itself to pay a proportionate amount of the attorney fees and costs associated with its recovery. Therefore, we affirm the district courts grant of summary judgment with respect to the common fund doctrine.

**C. The district court properly denied Appellants' motion to amend their complaint to assert a claim for punitive damages.**

Appellants argue the district court applied the wrong legal standard when it denied their motion to amend the complaint to add a prayer for punitive damages. We affirm the district court's denial of the motion to amend.

Appellants argue a party does not need to show both a "bad" state of mind and an extreme deviation from reasonable conduct as separate elements to support adding a plea for punitive damages. Appellants also argue the district court failed to weigh circumstantial evidence regarding North Pacific's fraudulent intent and it failed to consider the insurance policy as relevant, despite the fact the policy provides that North Pacific will pay its share of expenses, costs, and fees when it is paid out of a recovery made by the insured. Finally, Appellants argue punitive damages are supported by North Pacific's oppressive conduct in the marketplace, the gross disparity of bargaining power between North Pacific and Jennings, and a breach of the fiduciary duty North Pacific owed Jennings.

The district court applied the correct legal standard when it ruled on Appellants' claim for punitive damages. A court shall allow the motion to amend the pleadings if, after weighing the evidence presented, the court concludes that the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. I.C. § 6–1604. Punitive damages are not favored in the law and should be awarded in only the most unusual and compelling circumstances. *Manning v. Twin Falls Clinic & Hosp.*, 122 Idaho 47, 52, 830 P.2d 1185, 1190 (1992). Idaho Code § 6–1604 provides in pertinent part: "[i]n any

action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted."

■■■■ The issue of punitive damages "revolves around whether the plaintiff is able to establish the requisite 'intersection of two factors: a bad act and a bad state of mind.'" *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 503, 95 P.3d 977, 985 (2004) (citing *Linscott v. Rainier Natl. Life Ins. Co.*, 100 Idaho 854, 858, 606 P.2d 958, 962 (1980)). The action required to support an award of punitive damages is that the defendant "acted in a manner that was 'an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences.'" *Id.* at 502, 95 P.3d at 984 (citing *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 905, 665 P.2d 661, 669 (1983)). The mental state required to support an award of punitive damages is "'an extremely harmful state of mind, whether that be termed malice, oppression, fraud or gross negligence; malice, oppression, wantonness; or simply deliberate or willful.'" *Id.* Therefore, to support an award of punitive damages, Appellants must prove North Pacific's actions towards Jennings constituted an extreme deviation from standards of reasonable conduct, which was done with knowledge of the likely consequences and an extremely harmful state of mind.

■■■■ A district court's determination that a plaintiff is not entitled to amend the complaint to claim punitive damages is reviewed for abuse of discretion. *Weaver v. Stafford*, 134 Idaho 691, 700, 8 P.3d 1234, 1243 (2000). The abuse of discretion inquiry examines (1) whether the trial judge correctly perceived the issue as one of discretion; (2) whether the trial judge acted within the outer boundaries of his discretion and consistently with the legal standards applicable to

the specific choices available to him; and (3) whether the trial judge reached his decision through an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The district court did not abuse its discretion when it denied Appellants motion to amend their complaint to add a claim for punitive damages. The district court stated: "[w]hether or not to allow the amendment pursuant to I.C. 6–1604 is a matter of discretion for the trial court." Thus, the district court perceived the issue as discretionary. The boundaries of the district court's decision were well-defined; it could either grant or deny the motion. The decision to deny the motion to amend was thus within the boundaries of its discretion.

The only remaining issue is whether the district court's decision was the product of reason. In reaching its decision, the district court properly focused on North Pacific's conduct. The district court observed that North Pacific had rejected Appellants' offer to pursue its subrogation claim, that North Pacific was unaware of the mediation and that North Pacific was unaware of Farm Bureau's insistence on settling its subrogation claim. The district court rejected Appellants' claim of fraud based upon North Pacific's representation that it was actively pursuing its own subrogation interest, noting that there was simply no action on the part of North Pacific that led to Appellants' decision to settle with Farm Bureau. The district court's decision was clearly the product of the exercise of reason. For that reason, we affirm the district court's denial of Appellants' motion to amend the complaint to add a claim for punitive damages.

**D. The award of attorney fees below must be vacated for consideration of all claims in the instant action.**

North Pacific challenges the district courts award of attorney fees under I.C. 12–121 and I.R.C.P. 54(e)(1) in the amount of $6,540.63.[3]

---

3. Appellants sought to recover attorney fees in the amount of $20,865.25. The district court noted that "[a]ttorney fees must be evaluated under a standard of reasonableness and the court must not blindly accept the fees advanced by an

attorney and an 'attorney cannot spend his time extravagantly and expect to be compensated by the party who loses at trial.'" *Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct.App.1985). Under this

The district court granted Appellants' attorney fees concluding that North Pacific should have been aware of the holding in *Wensman* involving the common fund doctrine.

Under Rule 54(e)(1), attorney fees under I.C. 12–121 "may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). I.C. 12–121 applies to the case as a whole. *Walker v. Boozer*, 140 Idaho 451, 457, 95 P.3d 69, 75 (2004) (citing *Turner v. Willis*, 119 Idaho 1023, 1025, 812 P.2d 737, 739 (1991)). Where there are multiple claims and defenses, it is not appropriate to segregate those claims and defenses for purposes of awarding attorney fees under I.C. 12–121. *U.S. Natl. Bank of Oregon v. Cox*, 126 Idaho 733, 735, 889 P.2d 1123, 1125 (Ct.App.1995).

The district court awarded attorney fees below without considering Jennings's claim for bad faith breach of contract. Thus, it appears that the district court failed to evaluate North Pacific's conduct in the case in its entirety. Accordingly, we vacate the district court's award of attorney fees and remand this matter for the district court to determine whether, considering the case as a whole, Appellants are entitled to attorney fees under I.C. 12–121.

**E. Neither party is entitled to attorney fees on appeal.**

Both parties seek attorney fees pursuant to I.C. 12–121. Each party has partially prevailed before this Court. Therefore, we conclude that neither party is entitled to attorney fees on appeal.

## IV. CONCLUSION

We affirm the district court's grant of summary judgment in favor of Appellants with respect to the common fund doctrine and the denial of the motion to amend to assert a claim for punitive damages with respect to the common fund claim. We vacate the award of attorney fees and remand the case for application of the governing legal standard to the determination of the merits, if any, of Appellants' request for an award of attorney fees under I.C. § 12–121. We decline to award attorney fees on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES, and W. JONES concur.

standard, the district court reduced the award to $6,540.63.