# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35745-2008

ROSA LOPEZ, individually as parent
and guardian of RACHEL LOPEZ, a minor,

Plaintiffs-Respondents,

v.

FARM BUREAU MUTUAL INSURANCE
COMPANY OF IDAHO,

Defendant-Appellant.

Boise, December 2009 Term

2010 Opinion No. 1

Filed: January 11, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Darla S. Williamson, District Judge.

The judgment of the district court is <u>reversed</u>.

Saetrum Law Offices, Boise, for appellant. Rodney R. Saetrum argued.

Litster Frost Injury Lawyers, Boise, for respondent. Charles P. Shane argued.

---

EISMANN, Chief Justice.

This is an appeal from a judgment for attorney fees under the "common fund doctrine." We reverse.

## I. FACTS AND PROCEDURAL HISTORY

On December 9, 2002, Rosa Lopez was driving with her twelve-year-old daughter Rachel as a passenger. Rosa stopped for traffic, and her vehicle was struck by the vehicle following hers. Both Rosa and Rachel were injured. They were covered by a policy of insurance issued by Farm Bureau Mutual Insurance Company of Idaho (Farm Bureau), which provided medical coverage in the amount of $5,000 per person. Farm Bureau paid $5,000 for Rosa's medical expenses and $1,739 for Rachel's medical expenses. The insurance policy provided that Farm Bureau was subrogated to their rights to recover those sums.

Rosa Lopez hired an attorney to recover damages for her and her daughter arising from the accident. By letter dated January 3, 2003, the attorney notified Farm Bureau that he had been retained by Rosa Lopez in regard to the accident. He requested information regarding coverage and copies of all medical bills. He also wrote: "We intend to assert and collect your subrogated interest. We will expect a reasonable attorney fee and costs for collection of that interest."

By letter dated January 10, 2003, Farm Bureau informed Rosa Lopez's attorney that it would pursue recovery of its subrogated interest regarding Lopez through inter-company arbitration, that the attorney was not authorized to pursue the subrogation claim, and that any settlement should not include that claim. On January 24, 2003, it sent the attorney an identical letter regarding its subrogated interest in Rachel Lopez's claim. Both letters included the following:

> We appreciate your offer to represent us on our subrogation claim. We intend to pursue our subrogation interest independent of your action. We are signatory to an inter-company arbitration agreement and will file in that forum to protect our interest.
> You are advised that you are not authorized to pursue our subrogation claim in your case and any settlement of [sic] judgment should not include our claim without direct involvement in the settlement or lawsuit. If for some reason this is a matter that cannot be arbitrated, we will retain our own counsel to represent us. If you have any questions about this, please let me know.

On November 12, 2004, Farm Bureau filed for inter-company arbitration to recover $5,000 for its subrogated interest in Rosa Lopez's claim. Later, on December 22, 2005, it also filed for arbitration to recover its subrogated interest of $1,739 in Rachel Lopez's claim.

By letter dated June 29, 2005, Farm Bureau notified Safeco Insurance Company (Safeco), the insurer of the other driver, that Farm Bureau intended to pursue its subrogated interest for medical expenses totaling $6,026 paid on behalf of Rosa and Rachel Lopez and that the Lopezes' attorney was not authorized to collect, settle, or take any action with respect to Farm Bureau's subrogated claim. By letter dated August 24, 2005, Farm Bureau informed Safeco Insurance that the subrogated amount was $6,739 and again reiterated that the Lopezes' attorney was not authorized to recover Farm Bureau's subrogated interest.

On November 9, 2005, the Lopezes and their attorney settled with Safeco, and the settlement included Farm Bureau's subrogated interest. Farm Bureau had not consented to the settlement of its subrogated interest. As part of the settlement, Rosa Lopez agreed to indemnify

Safeco from any claim of any person or entity who had paid any medical bills and was subrogated to the rights of either of the Lopezes. By letter dated November 21, 2005, the Lopezes' attorney also agreed "to pay or resolve any liens, medical bills, subrogation claims or demands for reimbursement for any entity or person which may have incurred expense or paid benefits on behalf of Rosa Lopez" and to indemnify the other driver and Safeco from any such claims or demands.

In January 2006 Lopezes' attorney received and deposited the settlement check for Rosa Lopez, and in April 2006 he received and deposited the settlement check for Rachel Lopez. On May 23, 2006, he sent Farm Bureau a check in the sum of $1,159.34, which represented its subrogated interest in Rachel's claim, minus one-third retained by the Lopezes' attorney for his contingent fee. By letter dated May 25, 2006, Farm Bureau returned the check.

On December 13, 2006, Farm Bureau obtained arbitration awards of $5,000 and $1,739 representing its subrogated interests in the Lopezes' claims. The arbitrator's explanation of the decisions was as follows:

> FARM BUREAU PROVIDED EVIDENCE THEY HAD ADVISED SAFECO IN WRITING (PRIOR TO SAFECO SETTLING THIS CLAIM) THAT THEY INTENDED TO PURSUE THEIR SUBROGATION DIRECT OR THROUGH INTER-COMPANY ARBITRATION. THERE IS NO EVIDENCE SUBMITTED BY SAFECO THAT FARM BUREAU EVER RETAINED THEIR INSUREDS ATTORNEY TO PURSUE THEIR SUBROGATION INTEREST ON THEIR BEHALF. FARM BUREAU SUBMITTED EVIDENCE TO SUPPORT LIABILITY AND DMGS. SAFECO CAN SEEK RECOVERY FOR WHAT THEY PAID AGAINST THEIR INSUREDS ATTORNEY.

In January 2007, Safeco paid the awards to Farm Bureau. On January 2, 2007, Safeco sent the Lopezes' attorney a letter stating, "Farm Bureau has won their inter company [sic] arbitration on your clients Rosa Lopez and Rachael Lopez. Please forward checks for $5,000.00 and $1,739.00 per the Release and Hold Harmless agreements."

By letters dated February 16, 2007, the Lopezes' attorney sent Farm Bureau checks in the amounts of $3,333.34 and $1,159.34, representing Farm Bureau's subrogated interests less the attorney's contingent fee. Farm Bureau returned the checks by letter dated February 28, 2007, stating that it had already been paid in full by Safeco.

3

By letter dated February 27, 2007, Safeco again sent the Lopezes' attorney a letter demanding payment of $6,739.00 pursuant to the indemnity agreements signed by Rosa Lopez on behalf of herself and her daughter.

By letter dated March 9, 2007, the Lopezes' attorney demanded payment from Farm Bureau of $2,246.32 for the contingent attorney fee in collecting Farm Bureau's subrogated interest. The letter concluded with the statement that it served as the ten-day demand for payment under Idaho Code § 12-120. By letter dated March 12, 2007, Farm Bureau refused to pay the demanded sum.

By letter dated March 30, 2007, the Lopezes' counsel sent checks to Safeco totaling $6,739 pursuant to the indemnity agreements. In the letter, he wrote that he would recover the contingent fee from Farm Bureau.

On March 30, 2007, the Lopezes filed this action seeking to recover damages not exceeding $25,000 for Farm Bureau's breach of duty to pay its proportionate share of costs and attorney fees under the common fund doctrine. The lawsuit was initially filed in magistrate court, but was later transferred to district court. The district court ultimately granted the Lopezes' motion for summary judgment. On September 10, 2008, it entered judgment in favor of the Lopezes in the sum of $2,246.32. It later awarded them court costs, including attorney fees under Idaho Code § 12-120(1), in the sum of $14,101.75. Farm Bureau timely appealed.

## II. ISSUES ON APPEAL

1. Is the Lopezes' attorney the real party in interest?
2. Did the district court err in granting summary judgment to the Lopezes?
3. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Is the Lopezes' Attorney the Real Party in Interest?

Farm Bureau contends that the Lopezes' attorney, not the Lopezes, is the real party in interest in this case. They contend that the only recovery being sought is attorney fees allegedly owed by Farm Bureau to the attorney, not to the Lopezes. Farm Bureau alleged as an affirmative defense in its answer, "Plaintiffs are not the real parties in interest pursuant to IDAHO R. CIV. P. 17 with regard to all or a portion of the damages they allege and seek to recover within the

4

Complaint." However, Farm Bureau never asked the district court to rule on that issue, and the district court did not. Where Farm Bureau did not seek a ruling on this issue in the district court, we will not consider it when it is raised for the first time on appeal. *Houston v. Whittier*, 147 Idaho 900, 911, 216 P.3d 1272, 1283 (2009).

**B. Did the District Court Err in Granting Summary Judgment to the Lopezes?**

This Court first recognized the common fund doctrine in *Cedarholm v. State Farm Mutual Insurance Cos.*, 81 Idaho 136, 338 P.2d 93 (1959). Under that doctrine, "when an insured hires an attorney in order to pursue a claim against the tortfeasor and the eventual settling of that claim results in the creation of a fund from which the insurance company benefits, the insurance company must pay a proportionate amount of the cost incurred in the creation of that fund." *Wensman v. Farmers Ins. Co. of Idaho*, 134 Idaho 148, 151, 997 P.2d 609, 612 (2000). The insurer can be liable under the common fund doctrine even if it does not consent to its insured's attorney seeking to collect the insurer's subrogated interest.[1] *Id*. at 152, 997 P.2d at 613.

In *Seiniger Law Office, P.A. v. North Pacific Insurance Co.*, 145 Idaho 241, 178 P.3d 606 (2008), we stated, "[f]or guidance purposes," how an insurer could avoid application of the common fund doctrine: "In cases such as this, the insurer that wishes to avoid application of the common fund doctrine in cases may do so by the simple act of refusing to accept the benefits of a settlement in which it did not participate." *Id*. at 249, 178 P.3d at 614.

The district court below rejected our guidance in *Seiniger* as merely being "dicta," preferring instead to follow the decision of the Washington Supreme Court in *Mahler v. Szucs*, 957 P.2d 632 (Wash. 1998). To avoid any confusion, we reiterate, "[T]he insurer that wishes to avoid application of the common fund doctrine in cases may do so by the simple act of refusing to accept the benefits of a settlement in which it did not participate." *Seiniger*, 145 Idaho at 249, 178 P.3d at 614. In this case, Farm Bureau followed our guidance in *Seiniger* and refused to accept its subrogated interest from the Lopezes' settlement. Instead, it pursued its claim in arbitration, recovering its subrogated interest there. It offered evidence of liability and damages

---

[1] We have never been asked to decide whether it would violate the Idaho Rules of Professional Conduct for an attorney to settle or attempt to settle a claim on behalf of someone who had declined representation by that attorney.

in the arbitration. It therefore did not accept the benefits of the Lopezes' settlement, and is not liable under the common fund doctrine.

The district court also held that Farm Bureau was liable pursuant to a provision in the insurance policy stating as follows:

22. Subrogation—Our Right to Recover Payment.

a. If we make payment under this policy and the person to or for whom payment was made has a right to recover damages, we will be subrogated to that right (have that right transferred to us). That person must do whatever is necessary to enable us to exercise our rights and must do nothing after the loss to prejudice our rights.

b. If we make a payment under this policy, and the person to or for whom payment was made recovers damages from another, that person must hold the proceeds of the recovery in trust for us and must reimburse us to the extent of our payment.

c. We may prosecute in the name of any insured for the recovery of these payments.

Relying upon subsection b above, the district court held that where the Lopezes were required to hold Farm Bureau's subrogated interest in trust for Farm Bureau and reimburse it to the extent of its payment, Farm Bureau received a benefit the moment that Lopezes settled their claims and held Farm Bureau's subrogated interest in trust. The district court reasoned, "Although the Idaho Supreme Court set forth dicta to guide future common fund cases, the situation at hand is a case in which that guidance does not apply. Refusing to accept a check is not enough to 'avoid' the common fund doctrine in a case where the insurance contract *requires* the insured to reimburse the insurer from any damages collected." There is nothing in the above-quoted policy provision that requires Farm Bureau to accept payment from the insured of its subrogated interest. It can avoid liability under the common fund doctrine "by the simple act of refusing to accept the benefits of a settlement in which it did not participate." *Id*. We therefore reverse the judgment of the district court.

## C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

The Lopezes seek attorney fees on appeal pursuant to Idaho Code § 12-120(1). Because they have not prevailed on this appeal, they are not entitled to an award of attorney fees.

Farm Bureau seeks an award of attorney fees on appeal pursuant to Idaho Code § 41-1839(4).[2] Attorney fees are awardable under that statute only in "actions between insureds and insurers involving disputes arising under policies of insurance." *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312-13, 109 P.3d 161, 166-67 (2005). For the statute to apply, the cause of action must be a policy-based claim. *Id.* The common fund is a claim in equity. *Boll v. State Farm Mut. Auto. Ins. Co.*, 140 Idaho 334, 338, 92 P.3d 1081, 1085 (2004). It is therefore not a policy-based claim.

## IV. CONCLUSION

We reverse the judgment of the district court and remand this case with directions to enter judgment in favor of Farm Bureau. We award Farm Bureau costs on appeal, not including attorney fees.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

---

[2] Idaho Code § 41-1839(4) provides:

> Notwithstanding any other provision of statute to the contrary, this section and section 12-123, Idaho Code, shall provide the exclusive remedy for the award of statutory attorney's fees in all actions between insureds and insurers involving disputes arising under policies of insurance. Provided, attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation. Section 12-120, Idaho Code, shall not apply to any actions between insureds and insurers involving disputes arising under any policy of insurance.