56 P.3d 1277

R. Todd GILLESPIE and Corrine
L. Gillespie, Plaintiffs–
Respondents,

v.

MOUNTAIN PARK ESTATES, L.L.C.,
and Darris A. Ellis, Defendants–
Appellants,

and

Clayton Ellis and Ellis Construction,
Defendants.

No. 27067.

Supreme Court of Idaho,
Boise, May 2002 Term.

Oct. 10, 2002.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellants. David E. Alexander, Pocatello, argued.

Lowell N. Hawkes, Chtd., Pocatello, for respondents.

TROUT, Chief Justice.

## I.

### NATURE OF THE CASE

This is an appeal from a court trial in which the trial judge found in favor of plaintiffs Todd and Corrine Gillespie ("Gillespies") and awarded them $5,000 plus attorney's fees against defendants Mountain Park Estates, L.L.C., Darris A. Ellis, Clayton Ellis, and Ellis Construction ("Sellers") based on promissory estoppel.

## II.

### FACTUAL AND PROCEDURAL HISTORY

In 1997, Gillespies met with Darris Ellis, ("Ellis") who is a homebuilder in the Pocatello, Idaho area to discuss the possibility of purchasing a home. After looking over several vacant lots, Ellis suggested that Gillespies buy a lot at that time and build a home at a later date because he suggested the lots were in high demand and would not be available very long.

Gillespies decided to purchase a vacant lot known as lot 21, block 4 of the Mountain Park Estates subdivision in Chubbuck, Idaho. Gillespies entered into a Real Estate Purchase and Sale Agreement on July 31, 1997. The purchase agreement was signed by "Darris A. Ellis" as the seller. The promissory note signed on August 1, 1997, listed "Mountain Park Estates, LLC" as the promisee and it contained a $5,000 "lot release fee" if Ellis Construction were not hired to build the house on the lot.

Gillespies claimed they were not aware of the "lot release fee" and testified that Ellis again orally told them that the lot was in high demand and that he or his development company would buy the lot back without penalty should Gillespies decide not to build a house on the lot. Gillespies testified that based on these assurances, they closed the deal on the lot purchase on August 1, 1997,

which included signing the promissory note that referenced the $5,000 penalty.

After about a year had passed, Gillespies decided not to build a home on the lot and requested that Ellis repurchase it. Ellis told Gillespies that he and his business partner did not have the assets to buy back the lot, so Gillespies sought out a real estate agent to help them sell the lot. The Gillespies sold the lot, and at the request of Ellis, the escrow agent withheld $5,000 from the proceeds of the sale.

Gillespies filed suit against the Sellers on July 9, 1998, alleging three counts of unlawful conduct. Sellers filed a motion for summary judgment on all three counts and the trial judge granted the motion regarding the unlawful contract penalty and antitrust claims, but denied the motion with respect to the first count, finding that there were disputed issues of material fact regarding that claim.

The case was tried on July 19, 2000, and on September 8, 2000, the trial judge issued Findings of Fact, Conclusion of Law, and Order, which found that Gillespies suffered a substantial detriment in reliance on Ellis' promise to repurchase the lot and that such reliance was reasonable. The trial judge therefore awarded Gillespies $5,000 based on promissory estoppel for the money withheld at closing, and attorney's fees based upon a determination that this was a commercial transaction under Idaho Code § 12–120(3). Sellers filed a timely appeal.

## III.

### STANDARD OF REVIEW

■ The standard of review of a trial court's findings of fact is set forth in Idaho Rule of Civil Procedure 52(a). *Williamson v. City of McCall,* 135 Idaho 452, 455, 19 P.3d 766, 769 (2001) (citing I.R.C.P. 52(a)). I.R.C.P. 52(a) provides in pertinent part:

In all actions tried upon the facts without a jury ... the court shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Findings of fact shall not be set aside unless clearly erroneous. In application of this principle

regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses that appear before it.

*Id.* (quoting I.R.C.P. 52(a)). "In determining whether a finding is clearly erroneous this Court does not weigh the evidence as the district court did. The Court inquires whether the findings of fact are supported by substantial and competent evidence." *Id.* (citation omitted). "This Court will not substitute its view of the facts for the view of the district judge." *Id.* (citation omitted). "Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact had been proven." *Id.*

■ "[T]his Court exercises free review over the district court's conclusions of law." *Id.* (citation omitted).

## IV.

### DISCUSSION

**A. Promissory Estoppel was Raised by the Pleadings**

■ The elements of promissory estoppel are as follows: " '(1) the detriment suffered in reliance was substantial in an economic sense; (2) substantial loss to the promisee acting in reliance was or should have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justifiable reliance on the promise as made.' " *Mitchell v. Bingham Memorial Hosp.,* 130 Idaho 420, 942 P.2d 544 (1997) (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank,* 119 Idaho 171, 178 n. 2, 804 P.2d 900, 907 n. 2 (1991)) (quoting *Mohr v. Shultz,* 86 Idaho 531, 540, 388 P.2d 1002, 1008 (1964))).

■ Sellers assert that this case, which went to trial on Count I, was understood by the parties to be a claim of fraud in the inducement. At trial, Sellers objected to consideration of the promissory estoppel issue, asserting that the complaint only alleged fraud in the inducement. The trial judge indicated that he would allow a continuance for Sellers to prepare for the promissory

estoppel claim, but Sellers' attorney stated: "I don't feel that it would be helpful to seek a continuance, although I would note a continuing objection to trying matters beyond the pleadings."

 "Generally, a claim for relief need contain only a 'short and plain statement of the claim showing that the pleader is entitled to relief....'" *Whitlock v. Haney Seed Co.*, 114 Idaho 628, 759 P.2d 919, 925 (Ct.App. 1988) (citing I.R.C.P. 8(a)(2)). "A party's pleadings should be liberally construed to secure a 'just, speedy and inexpensive' resolution of the case." *Christensen v. Rice*, 114 Idaho 929, 931, 763 P.2d 302, 304 (Ct.App. 1988) (citing I.R.C.P. 1(a)); *Deaton v. Leibrock*, 114 Idaho 614, 759 P.2d 905 (Ct.App. 1988). "With the advent of notice pleading, a party is no longer slavishly bound to stating particular theories in its pleadings." *Id.* (citing *Dursteler v. Dursteler*, 108 Idaho 230, 697 P.2d 1244 (Ct.App.1985)). "Rather, a complaint need only state claims upon which relief may be granted." *Id.* (citation omitted). "[W]here issues not raised by the pleadings are either expressly or impliedly tried, the trial court has discretion to decide those issues and to permit the pleading party to amend its pleadings to conform to the proof offered at trial." *Id.* (citing I.R.C.P. 15(b)); *Murr v. Selag Corp.*, 113 Idaho 773, 747 P.2d 1302 (Ct.App.1987); *M.K. Transport, Inc. v. Grover*, 101 Idaho 345, 612 P.2d 1192 (1980). "The emphasis ... is to insure that a 'just result' is accomplished, rather than requiring strict adherence to rigid forms of pleading." *Id.* (citing *Sines v. Blaser*, 98 Idaho 435, 439, 566 P.2d 758, 762 (1977)).

Paragraphs 10–12 of the complaint are sufficient to put Sellers on notice of a claim that promissory estoppel was being asserted. Paragraph 10 provides in part, "[t]o induce their signature on the Promissory Note, ... Ellis gave the Gillespies firm and unequivocal assurances that he would repurchase the lot from the Gillespies without their incurring a penalty if they decided not to build on the lot." Paragraphs 11 and 12 allege that Ellis broke his promise to repurchase the lot, and that Gillespies were forced to sell the lot to a competing builder, resulting in a $5,000 loss

to them because of the penalty withholding. These facts sufficiently allege the three-part test for promissory estoppel, as outlined above. Thus, we hold that the trial judge did not abuse his discretion in considering promissory estoppel, based on the allegations of the complaint. More difficult is the question of the application of promissory estoppel in this case.

## B. Promissory Estoppel

 The requirements for a finding of promissory estoppel are set forth above. When promissory estoppel is found, it acts as a substitute for consideration. *Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 5, 607 P.2d 1055, 1059 (1980). In this case, however, there clearly was consideration for the Real Estate Purchase and Sale Agreement entered into between the parties. A written agreement creates a rebuttable presumption that there was consideration. *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 653 P.2d 791 (1982). By the terms of the agreement, Gillespies paid some cash to Sellers with the balance to be paid on contract, with the Sellers, in return, to convey the lot to Gillespies. Clearly there was consideration for the parties' agreement, and thus no need to apply the doctrine of promissory estoppel in order to supply needed consideration.

## C. The Parol Evidence Rule

 Sellers assert that the parol evidence rule should act to bar the testimony of Gillespies regarding whether Ellis promised to buy back the lot without penalty for purposes of promissory estoppel. Gillespies assert that Sellers waived this objection by failing to object at trial.

 As Sellers correctly note, "[t]he parol evidence rule does not apply to averments of fraud, misrepresentation, mutual mistake or other matters which render a contract void or voidable." *Mikesell v. Newworld Development Corp.*, 122 Idaho 868, 876, 840 P.2d 1090, 1098 (Ct.App.1992). Therefore, the testimony was admissible as part of the fraud claim. Because we have held that promissory estoppel has no application in this case, the only cause of action submitted to

the trial court was the claim of fraud in the inducement. Thus the parol evidence rule would not act as a bar to the testimony and we need not consider whether the objection was waived.

## D. Fraud

As the district judge noted in the Findings and Conclusions, Gillespies alleged as Count I in their complaint, a claim for fraud. In the remainder of the Findings and Conclusions, however, the district judge referred only to promissory estoppel, ultimately concluding that the elements of promissory estoppel had been met. As a result, the district judge did not address the fraud allegation and whether any of the elements of fraud had been proven. Because we have determined that promissory estoppel is not applicable in this case, we must remand the case for findings on the fraud issue.

Other issues have been raised on appeal, but given our remand of this case for further findings, it is not necessary for us to reach the remaining issues.

## E. Attorney's Fees

The trial judge awarded Gillespies attorney's fees pursuant to Idaho Code § 12–120(3). Based on our resolution of this appeal, we also vacate the award of attorney's fees below and remand that issue for consideration by the trial court.

## V.

## CONCLUSION

We reverse the trial judge's order in favor of Gillespies against Mountain Park Estates, L.L.C., based on promissory estoppel, and remand the case for further findings on the issue of fraud. We also vacate the trial judge's award of attorney's fees to Gillespies and we award costs to Sellers on appeal.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN concur.