72 P.3d 845

Stacy GIBSON, Plaintiff–Appellant,

v.

ADA COUNTY SHERIFF'S DEPART-
MENT, Defendant–Respondent.

No. 27605.

Supreme Court of Idaho,
Boise, December 2002 Term.

May 28, 2003.

Rehearing Denied July 17, 2003.

**6**

Vernon K. Smith Jr., Boise, argued for appellant.

Greg H. Bower, Ada County Prosecutor, Boise, for respondent. Kelli B. Ketlinski argued.

KIDWELL, Justice.

The Ada County Sheriff's Department (ACSD) terminated Stacy Gibson (Gibson) for making material misstatements on official records, detrimental conduct, and conduct unbecoming of a county employee. Gibson sought administrative review. The county personnel hearing officer affirmed the ACSD's decision. The district court reviewed and affirmed the county personnel hearing officer's findings of fact and conclusions of law. Gibson appeals.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On July 23, 1997, Gibson began working for the ACSD as a Records Technician II (records tech). The ACSD paid Gibson a base salary of $1,500 per month plus overtime. Gibson made it through her probationary period and became a tenured employee terminable only for cause.

Approximately one week prior to receiving each of her paychecks, Gibson signed a pay voucher stating:

> I STATE THAT THIS CLAIM HAS BEEN EXAMINED BY ME AND NO OTHER HOURS OR MONIES ARE DUE ME FOR OVERTIME.... I REALIZE SIGNING THIS CLAIM AUTHORIZES THE COUNTY TO PAY ME THE AMOUNT SHOWN AND THAT A GRIEVANCE MAY BE FILED WITHIN 5 DAYS IF I DISAGREE WITHOUT LOSS OF ANY PAY.

In May 1998, Gibson submitted an Automatic Paycheck Deposit Authorization in order to participate in the ACSD's direct deposit program. It authorized the ACSD to "initiate credit entries and, if necessary, debit entries and adjustments for any credit entries in error to [her] account...." Thereafter, Gibson did not receive a traditional paycheck. Gibson did, however, continue to receive and sign pay vouchers approximately one week prior to each payday.

In fall 1998, at Gibson's request, the ACSD made her a Jail Technician II (jail tech). As a jail tech, the ACSD paid Gibson $1,550 per month plus overtime, a $50 per month increase over her base salary as a records tech. In the course of changing Gibson's pay rate, an error occurred. The error combined Gibson's base pay for the jail tech and records tech positions. As a result, beginning with her pay for November 1998, the ACSD paid Gibson her base pay for her jail tech position, $1,550, plus base pay for the records tech position, $1,500, and overtime. From November 1998 through June 1999, Gibson signed pay vouchers authorizing the ACSD to pay her $3,050, plus overtime equaling $100 to $700, per month. The ACSD paid in accordance therewith.

In June or July 1999, the ACSD discovered that it had overpaid Gibson $12,000 over the course of eight months. Believing that Gibson's act of signing pay vouchers authorizing the overpayments for eight months might constitute a crime, the ACSD assigned Detective Arvinn Glenn (Glenn) to investigate the matter.

On July 20, 1999, Glenn summoned Gibson to his office. When asked what the base salary for a jail tech was, Gibson responded that it was $1,550 per month. Then, Glenn asked Gibson what she was paid. Gibson stated, "I have no idea. I mean, I sign my cards, I never pay attention to [th]em. I work so much overtime.... I been putting in sixty, who knows, how many hours of overtime." Gibson also stated that she didn't ever balance her checkbook; rather, she would call the bank a couple of times a month to check her balance and avoid overdrafts. Also, when Gibson was a records tech, she carefully reviewed her pay vouchers

and reported errors. After reassignment as a jail tech, however, she discontinued this practice.

The ACSD concluded that Gibson had knowingly signed pay vouchers indicating that her base salary was $3,050 when she knew her base salary was only $1,550. On August 2, 1999, Sheriff Vaughn Killeen (Killeen) sent Gibson a letter expressing his intent to terminate her on the grounds that she: (1) conducted herself in a "manner as to be detrimental to the good order and discipline of the department;" (2) "made a materially misleading statement in an official report;" and (3) "conducted [her]self in such a manner as to reflect unfavorably on th[e] department and [her]self." The letter stated that the facts giving rise to Gibson's termination were: (1) she knowingly accepted salary overpayments; and (2) she did nothing to correct the overpayments or repay the monies erroneously paid to her. The letter also advised Gibson of her right to appeal.

Gibson appealed. The Ada County personnel hearing officer heard the matter on January 25 and 26, 2000. On February 17, 2000, the hearing officer's findings of fact, conclusions of law and decision affirmed Killeen's decision to terminate Gibson. The hearing officer found Gibson's conduct "detrimental to the good order and discipline in the (ACSD) department or office, or conduct unbecoming of a county employee" in violation of Ada County Code (ACC) § 1–7G–3A(5). The hearing officer also found that Gibson's conduct violated ACSD Policy Manual § 9.04 because it could bring the ACSD into disrepute. The hearing officer, however, found that Gibson did not violate ACC § 1–7G–3A(20)—allowing termination for material misrepresentations in "official reports" because the pay vouchers did not constitute "official reports."

Gibson sought judicial review of the county personnel hearing officer's decision pursuant to A.C.C. § 1–7(G)–3(*o*) on the grounds that she was denied due process, the hearing officer's findings were not based on substantial, competent evidence, and the decision was arbitrary and capricious. The district court addressed the matter under the standard of review set forth in the Idaho Administrative Procedure Act (IAPA), I.C. §§ 67–5277 and –5279, and affirmed the hearing officer's decision.

Gibson timely filed this appeal.

## II.

## ANALYSIS

### A. The Idaho Administrative Procedure Act Does Not Govern This Action.

■ The IAPA and its judicial review standards apply to agency actions. I.C. §§ 67–5201, –5270.

"Agency" means each state board, commission, department or officer authorized by law to make rules or to determine contested cases, but does not include the legislative or judicial branches, executive officers listed in section 1, article IV, of the constitution of the state of Idaho in the exercise of powers derived directly and exclusively from the constitution, the state militia or the state board of correction.

I.C. § 67–5201(2). This Court has held that "[t]he language of the IAPA indicates that it is intended to govern the judicial review of decisions made by state administrative agencies, and not local governing bodies." *Idaho Historic Preservation Council v. City Council of Boise*, 134 Idaho 651, 653, 8 P.3d 646, 648 (2000); *see also Petersen v. Franklin County*, 130 Idaho 176, 182, 938 P.2d 1214, 1220 (1997); *Arthur v. Shoshone County*, 133 Idaho 854, 859, 993 P.2d 617, 622 (Ct.App. 2000). Counties and city governments are considered local governing bodies rather than agencies for purposes of the IAPA. *Idaho Historic Preservation Council*, 134 Idaho at 653, 8 P.3d at 648; *Petersen*, 130 Idaho at 182, 938 P.2d at 1220; *Arthur*, 133 Idaho at 859, 993 P.2d at 622.

■ Though the IAPA and its judicial review provisions are generally inapplicable to local government actions, a statute may provide for judicial review of local government actions pursuant to the IAPA. *Idaho Historic Preservation Council*, 134 Idaho at 653–54, 8 P.3d at 648–49; *see Petersen*, 130 Idaho at 182, 938 P.2d at 1220. Absent a statute invoking the IAPA's judicial review provisions, local government actions may not

be reviewed under the IAPA. *Idaho Historic Preservation Council,* 134 Idaho at 653–54, 8 P.3d at 648–49.

## B. A County Personnel Hearing Officer's Action Is Not Subject To Judicial Review Pursuant To I.R.C.P. 84.

█ Statutes may also authorize judicial review without invoking the provisions of the IAPA. I.R.C.P. 84(a)(1). The rule, however, states "actions of a local government, [or] its officers ... are not subject to judicial review unless expressly authorized by statute." I.R.C.P. 84(a)(1). There is no statute authorizing judicial review of a decision by the county personnel hearing officer. Therefore, this matter is not subject to review pursuant to I.R.C.P. 84.

*Idaho Historic Preservation Council* might appear, at first glance, to support application of the general standards of judicial review found in I.R.C.P. 84(a)(1) to this matter. *Idaho Historic Preservation Council* is, however, distinguishable from this case. In *Idaho Historic Preservation Council,* the council petitioned for review of a decision of the Boise city council. 134 Idaho at 652, 8 P.3d at 647. The district court determined that the IAPA provided the correct standard of review for the matter. *Id.* This Court found that the IAPA was inapplicable, nonetheless it proceeded to review the matter using the generally applicable standards of review under I.R.C.P. 84(a)(1). *Id.* The distinction between this matter and *Idaho Historic Preservation Council* was that the Idaho Preservation of Historic Sites Act, the controlling law in *Idaho Historic Preservation Council,* expressly authorized judicial review. *See* I.C. § 67–4610. In the present matter, there is no statute authorizing judicial review. Without such a statute, the approach in *Idaho Historic Preservation Council* is inapplicable.

Notably, had Gibson appealed the county personnel hearing officer's decision to the Ada County Board of Commissioners (board), the board's decision would be an appropriate subject for judicial review and the IAPA standard of review would apply. I.C. § 31–1506(1). Without action of the board, however, the judicial review provisions of I.C. § 31–1506(1) are inapplicable.

## C. A County Ordinance Cannot Authorize Judicial Review.

█ ACC § 1–7G–3(*o*) states that a party may "appeal the decision" of the hearing officer "to the District Court of the Fourth Judicial District. . . ." Notably, this reference to "appeal" comes after an explicit reference to the IAPA in ACC § 1–7G–3(m). Thus, read in context, the reference to "appeal" in ACC § 1–7G–3(*o*) contemplates judicial review under the IAPA.

Whether ACC 1–7G–3(*o*) may authorize judicial review pursuant to the IAPA depends on whether the County was empowered to make such a law. Article XII, § 2 of the Idaho Constitution and I.C. § 31–604 govern a county's power to make law. Article XII, § 2 states: "Any county ... may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." The appeal provision of ACC 1–7G–3(*o*) does not appear to be a "police, sanitary [or] other regulation" as the terms are used in the Idaho Constitution. Additionally, the IAPA judicial review provisions apply only to agency decisions. The Legislature has defined "agency" to exclude decisions made by county hearing officers. I.C. § 67–5201(2); *Idaho Historic Preservation Council,* 134 Idaho at 653, 8 P.3d at 648; *Petersen,* 130 Idaho at 182, 938 P.2d at 1220; *Arthur,* 133 Idaho at 859, 993 P.2d at 622. Thus, any attempt by the county to authorize judicial review of a personnel hearing officer's decision is infirm because it conflicts with the general laws of this State.

ACC 1–7G–3(*o*) also cannot authorize judicial review pursuant to I.R.C.P. 84. Rule 84 requires that a statute authorize judicial review. ACC 1–7G–3(*o*) is not a "statute" within the meaning of I.R.C.P. 84 and thus cannot authorize judicial review. Because ACC 1–7G–3(*o*) is not a statute, yet it attempts to authorize judicial review of a personnel hearing officer's decision, it conflicts with I.R.C.P. 84 and is, therefore, infirm.

**D. This Case Is Not Appropriate For Remand Because Gibson's "Notice Of Appeal Of Decision Of Ada County Personnel Hearing Officer" Cannot Be Read As A Complaint.**

 In *Gillespie v. Mountain Park Estates L.L.C.*, this Court recently stated:

> Generally, a claim for relief need contain only a short and plain statement of the claim showing that the pleader is entitled to relief.... A party's pleadings should be liberally construed to secure a just, speedy and inexpensive resolution of the case. With the advent of notice pleading, a party is no longer slavishly bound to stating particular theories in its pleadings. Rather, a complaint need only state claims upon which relief may be granted.... The emphasis ... is to insure that a just result is accomplished, rather than requiring strict adherence to rigid forms of pleading.

138 Idaho 27, 29, 56 P.3d 1277, 1279 (2002) (internal citations and quotations omitted); I.R.C.P. 8. The key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it. *Id.* at 29, 56 P.3d at 1279.

 Though this Court will make every intendment to sustain a complaint that is defective, e.g., wrongly captioned or inartful, a complaint cannot be sustained if it fails to make a short and plain statement of a claim upon which relief may be granted. Here, even read broadly, Gibson's "notice of appeal" filed with the district court fails to provide notice of any claim against the ACSD other than a claim for judicial review of the hearing officer's decision. Thus, this court cannot sustain it as a complaint under I.R.C.P. 8.

**E. The ACSD Is Not Entitled To Attorney Fees Or Costs On Appeal.**

 The ACSD has not prevailed on the merits in this matter. In fact, it is the infirm appeal provision of A.C.C. § 1–7G–3(*o*), incorrectly instructing Gibson to appeal the decision of the county personnel hearing officer to the district court, which has prevented this Court from addressing the merits of this matter. As a result, the matter is dismissed *without prejudice* and the ACSD is not a prevailing party entitled to attorney fees or costs on appeal.

## III.

## CONCLUSION

Decisions of a county personnel hearing officer are not subject to judicial review pursuant to IAPA or any other statutory provision. A county ordinance cannot authorize judicial review of a county personnel hearing officer's decision because such an ordinance is infirm under Article XII, § 2 of the Idaho Constitution and I.C. § 31–604. Gibson's "notice of appeal" seeking judicial review is not appropriate for remand because it is insufficient to place the ACSD on notice of any claims against it on which Gibson may have been granted relief, aside from judicial review. Thus, this matter is dismissed without prejudice.

No attorney fees or costs are awarded.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and EISMANN concur.