**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47303**

| | |
|---|---|
| **BLASER, OLESON & LLOYD, CHTD.,** | ) |
| | ) **Filed: June 25, 2020** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **CHRISTINA CUTLER,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge. Steven A. Thomsen, Magistrate.

Judgment, affirmed.

Idaho Legal Aid; Karl H. Lewies, Pocatello, for appellant. Karl H. Lewies argued.

Blaser, Oleson & Lloyd, Chtd.; Jeromy W. Pharis, Blackfoot, for respondent. Jeromy W. Pharis argued.

---

GRATTON, Judge

Christina Cutler appeals from the district court's judgment affirming the magistrate court's judgment in favor of Blaser, Oleson & Lloyd (BOL). For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is the result of a collection action brought on behalf of a law office against a former client for unpaid attorney fees. Cutler retained BOL for legal services in 2012 and the next year BOL sent Cutler a final billing statement. Cutler had questions and concerns about her bill and claims that her attempts to contact the law office went unanswered. At some point during this time, Cutler left a voicemail with BOL stating she would "not pay another dollar . . .

1

because there was so much that never got done . . . ." Three years later, and following a demand letter, BOL filed a complaint against Cutler alleging account stated.

Prior to trial, Cutler submitted a trial brief arguing that BOL had limited the causes of action that may be tried based on its complaint, which only alleged account stated. BOL subsequently moved to amend its complaint to add new causes of action which included breach of contract. Cutler objected, claiming the amendment would cause undue delay and prejudice. A bench trial was held, and the magistrate court granted BOL's motion to amend its complaint, allowing BOL to add four new causes of action to conform to the proof at trial, subject to post-trial briefing. After post-trial briefs were filed the magistrate court issued its findings of fact and conclusions of law which determined BOL was the prevailing party.[1] As the prevailing party, BOL was awarded attorney fees. Cutler appealed and the district court affirmed.[2] Cutler timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App.

---

[1] The magistrate court did not identify which claim BOL prevailed on; rather, it found that BOL "presented a claim for $9,788.93," Cutler "presented no credible evidence to rebut that claim being due and owing," and therefore the magistrate court found for BOL "in the sum of $9,788.93."

[2] Cutler presented four issues on appeal, whether: (1) BOL's complaint established a cause of action for breach of an oral contract; (2) the magistrate court abused its discretion by allowing BOL to amend its complaint to add several new causes of action to conform to the proof at trial when such proof had been objected to by Cutler; (3) there was not substantial and competent evidence to support the magistrate court's findings of fact and conclusions of law; and (4) the magistrate court's award of attorney fees and costs to BOL should be reversed.

2

2014).  Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

# III.

## ANALYSIS

Cutler argues the district court erred in affirming the magistrate court's decisions (1) that BOL's complaint provided notice of a breach of contract cause of action; (2) granting BOL's motion to amend its complaint, and (3) determining BOL was the prevailing party. Cutler additionally argues the magistrate court's judgment should be remanded for new findings of fact and conclusions of law and that the award of attorney fees should be reversed. BOL counters that because its complaint gave Cutler notice of the additional claims, specifically breach of contract, the magistrate court did not abuse its discretion by allowing the amendment or finding BOL was the prevailing party. We agree that the complaint provided sufficient notice of a breach of contract claim; accordingly, the district court did not err in affirming the foregoing decisions of the magistrate court.

## A.     BOL's Complaint Provided Notice of a Breach of Contract Cause of Action

Cutler argues that because BOL's complaint only alleged a single cause of action for account stated, the magistrate court abused its discretion by allowing BOL to amend its complaint to include breach of contract. In affirming the magistrate court's decision, the district court determined Cutler had "adequate notice of a potential breach of contract claim as the initial pleadings contained factual allegations that lead to a valid cause of action for breach of oral contract."

In general, a complaint must state claims upon which relief may be granted, and pleadings should be liberally construed in the interest of securing a "just, speedy and inexpensive resolution of the case." *Brown v. City of Pocatello*, 148 Idaho 802, 807, 229 P.3d 1164, 1169 (2010); *see also* Idaho Rule of Civil Procedure 1(b). The emphasis is to ensure that a just result is accomplished, rather than requiring strict adherence to rigid forms of pleading. *Seiniger Law Office, P.A. v. N. Pac. Ins. Co.*, 145 Idaho 241, 246, 178 P.3d 606, 611 (2008). Though this Court will make every intendment to sustain a complaint that is defective, e.g., wrongly captioned or inartful, a complaint cannot be sustained if it fails to make a short and plain statement of a claim upon which relief may be granted. *Brown*, 148 Idaho at 807, 229 P.3d at 1169. "The key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it. *Id*. In this case, Cutler was on notice of any

4

theory whose elements were alleged in the original complaint. Further, Cutler's affirmative defense demonstrates she was aware of the breach of contract claim.

The original complaint contained the elements of breach of contract. The elements for a breach of contract claim are: the existence of the contract, breach of that contract, damages resulting from the breach, and the amount of the damages. *Safaris Unlimited, LLC v. Von Jones*, 158 Idaho 846, 850, 353 P.3d 1080, 1084 (2015). The magistrate court and the district court noted the complaint alleged Cutler retained BOL to perform legal services which were then performed, creating the existence of a contract. The complaint further alleged, and Cutler did not deny, she did not pay what she owed, creating a breach of contract. This unpaid balance and the interest it accrued satisfied an allegation of damages and the specific amount of those damages.

Cutler argues that notice requires more than reciting the elements of a claim. Cutler, citing *Brown*,[3] asserts "even under the liberal notice pleading standard, a complaint must reasonably imply the theory upon which relief is being sought." *Brown v. City of Pocatello*, 148 Idaho 802, 808, 229 P.3d 1164, 1170 (2010). As discussed, the complaint pled the relief being sought and Cutler's amended answer demonstrates she was attempting to defend against those allegations. This demonstrates the complaint included more than a bare recitation of the elements. Cutler additionally takes issue with the format of the complaint, alleging the headings make no mention of a breach of contract action, making it reasonable for her to believe that it could not be included in the complaint. This understanding is inapposite to the assertions made in Cutler's answer where she asserts an affirmative defense to breach of contract.[4] It would be

---

[3] Cutler further analogizes to *Brown* for the proposition that:
> [O]pposing party must be provided with notice of the underlying theories being pursued against them in order to adequately prepare for trial. . . . A plaintiff cannot, in his complaint, paint us a picture of a four-legged animal with fur and a tail labeled "cat" and then assert at summary judgment that the picture depicts a dog.

*Brown v. City of Pocatello*, 148 Idaho 802, 809-10, 229 P.3d 1164, 1171-72 (2010). This case is distinguishable from *Brown*. In that case, the complaint alleged negligence when the plaintiff sought to include nuisance. Negligence and nuisance are fundamentally different in kind, without any theoretical relation. Conversely, and as admitted by Cutler, account stated necessarily implies the existence of a contract and the existence of a previous debtor/creditor relationship. Moreover, whether pursuing this action based on account stated or breach of contract, the essence of the issue is money owed.

[4] Cutler amended her answer shortly before trial to include the following affirmative defense:

illogical to hold Cutler did not have notice of a claim to which she presented an affirmative defense, namely all oral contracts being barred by the statute of limitation.[5] Neither the organizational style nor manner of allegations in the original complaint, which may be inartful, preclude it from being sufficient for purposes of notice.

Cutler additionally argues that the test for dismissing a complaint under Rule 12(b)(6) should not have been used to determine whether the complaint provided notice of a breach of contract claim. As discussed above, the proper inquiry is whether the adverse party has notice. In its analysis the district court stated that BOL "must not have been able to prove a breach of contract based on its allegations contained in the complaint." The district court was not applying a Rule 12(b)(6) analysis even though the statement sounds similar to that standard. Instead, the district court was reiterating, in a different way, that the complaint needed to, and here did, set out the essential elements of the cause of action, in order to say that notice was provided.

Having determined the magistrate court's decision that the original complaint provided Cutler with notice of the breach of contract claim is supported by substantial and competent evidence we need not address Cutler's additional arguments regarding the amendment.[6]

---

> Under Idaho Code § 5-217, entitled, "Action on oral contract," a civil action upon a contract not founded upon an instrument of writing can only be commenced within four (4) years after the cause of action accrued. Accordingly, any and all claims that plaintiff may have had against defendant which accrued more than four (4) years prior to January 12, 2017, the date plaintiff's complaint was filed, are barred by the statute of limitations, Idaho Code § 5-217.

[5] Cutler argues that the affirmative defense she asserted was not an acknowledgement of the breach of contract claim. Cutler relies on a number of cases that discuss that the acknowledgement must be "readily apparent." *See Villa Highlands, LLC v. Western Community Ins. Co.*, 148 Idaho 598, 226 P.3d 540 (2010). She claims her repeated arguments that the complaint contained only a single cause of action supports this assertion. However, these assertions appear to demonstrate Cutler did have notice of the additional claims but was attempting to capitalize on the inartful drafting of BOL. We do not find this argument persuasive as her amended answer demonstrates knowledge of the claims through the assertion of a very specific affirmative defense.

[6] Cutler asserts that the district court erred by holding the magistrate court did not abuse its discretion in granting BOL's motion to amend its complaint and that the breach of contract action did not relate back to the date of its complaint and was therefore time-barred.

**B.    The Magistrate Court's Findings of Fact and Conclusions of Law Are Not in Conflict**

Cutler asserts the magistrate court's findings of fact should be remanded for new findings because they are contradictory.[7]  Where the magistrate court's findings of fact are confused or in conflict, or where findings on a particular issue are lacking, and resort to the record does not show clearly what findings are correct, the district court on intermediate appeal ordinarily will not modify the judgment.  Rather, the district court will either remand for new findings, or, alternatively, act under Idaho Code § 1-2213(2) and I.R.C.P. 83(r)(2) and conduct a partial or whole trial de novo.  *Hawkins v. Hawkins*, 99 Idaho 785, 789, 589 P.2d 532, 536 (1978).[8]  Specifically, Cutler takes issue with the magistrate court allowing BOL to amend the complaint to include the additional causes of action but ultimately finding the original complaint provided sufficient notice of those causes of action.  The amendment may have been unnecessary, but it was not harmful.  At most it is redundant.  The findings of fact and conclusions of law set forth by the magistrate court are not inconsistent.  Further, substantial and competent evidence supports the magistrate court's determination that notice of BOL's breach of contract claim was provided in the original complaint.

**C.    Attorney Fees Will Not Be Reversed on Appeal**

Cutler argues this Court should reverse the award of attorney fees for the following reasons:  BOL's complaint failed to provide notice of a breach of contract claim; granting BOL's motion to amend its complaint constituted an abuse of discretion; and BOL's breach of contract claim, added by amendment, did not relate back to the date of its complaint and was barred by the statute of limitation.  Having determined the magistrate court's decision that BOL's original complaint provided notice of the breach of contract claim, we need not address the remaining

---

[7]    Cutler also points out the magistrate court's findings of fact and conclusions of law do not support the district court's determination that BOL was the prevailing party as to both causes of action, account stated and breach of contract.  Though this statement by the district court may be in error, as the record only reflects BOL was the prevailing party as to breach of contract, it need not be addressed on appeal.  As pointed out by BOL, it is of no consequence because the damages for the claims are the same, so whether one claim is successful or both, BOL would still be the prevailing party, entitled to the same amount.  For these reasons we will not address it beyond acknowledging the error.

[8]    Though Hawkins refers to Idaho Rule of Civil Procedure 83(u)(2), this is an apparent technical error. Accordingly, we refer to I.R.C.P. 83 (r)(2), which addresses trial de novo.

arguments. BOL was the prevailing party as to the breach of contract claim. Accordingly, awarding attorney fees was not in error.

**D.      Attorney Fees on Appeal**

Finally, we turn to the question of attorney fees on appeal. BOL seeks attorney fees on appeal, pointing out the mandatory attorney fee provisions of I.C. § 12-120(1) govern on appeal as well as in the trial court. Because BOL is the prevailing party in this appeal, it is entitled to costs pursuant to Idaho Appellate Rule 40. BOL is also entitled to attorney fees on this appeal for the same reasons it was entitled to attorney fees below. When the appeal of an order on attorney fees concerns entitlement to them, not the amount of an award, the statute applies. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc*., 141 Idaho 716, 721, 117 P.3d 130, 135 (2005). The applicable statute is Idaho Code § 12-120(1) which provides: "In any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees."

Where the terms of a statute governing prevailing party attorney fees in civil action have been satisfied it mandates an award of attorney fees to the prevailing party on appeal as well as at trial. *Medical Recovery Serv., LLC v. Bonneville Billing and Collections, Inc.*, 157 Idaho 395, 401, 336 P.3d 802, 808 (2014). Accordingly, we award BOL its attorney fees incurred on appeal.

## IV.

## CONCLUSION

The record supports the magistrate court's determination that BOL's original complaint provided notice of a breach of contract action. Accordingly, we affirm the decision of the district court as a matter of course. As the prevailing party, BOL was properly awarded attorney fees below and will be awarded attorney fees and costs on appeal.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.